UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TOWN OF ABITA SPRINGS                    CIVIL ACTION

VERSUS                                   NO: 15-451

U.S. ARMY CORPS OF                       SECTION: "J"(4)
ENGINEERS, ET AL

## ORDER & REASONS

Before the Court is a *Motion to Continue Administrative Record Due Date and Further Proceedings* (**Rec. Doc. 59**) filed by Defendants, United States Army Corps of Engineers, Lieutenant General Thomas P. Bostick, John M. McHugh, and Martin S. Mayer (collectively, the "Corps") and an opposition thereto (Rec. Doc. 63) filed by Plaintiff, the Town of Abita Springs. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED in part** and **DENIED in part**.

## FACTS AND PROCEDURAL BACKGROUND

This dispute arises from the Corps' decision to grant Helis Oil & Gas Company, LLC ("Helis Oil") a permit to dredge and fill wetlands under Clean Water Act § 404, 33 U.S.C. § 1344. (Rec. Doc. 18-4.) Abita Springs filed its initial complaint and commenced this action on February 12, 2015, though the Corps did not issue the permit until June 8, 2015. (Rec. Docs. 1, 15.) Abita Springs filed its First Amended Complaint on June 26,

2015, challenging the newly-issued permit. (Rec. Doc. 15.)

The claims in this case arise under the Administrative Procedure Act, 5 U.S.C. § 551 *et seq.* ("APA"); the Clean Water Act, 33 U.S.C. § 1251 *et seq.* ("CWA"); and the National Environmental Policy Act, 42 U.S.C. § 4321 *et seq.* ("NEPA"). In its First Amended Complaint, Abita Springs claims that the Corps followed unlawful procedures, failing to allow for public comment on more than 500 pages of documentation submitted by Helis Oil to complete its application after the close of the public comment period. (Rec. Doc. 15, at 2.) Abita Springs also claims that the Corps issued the permit in violation of regulations that prohibit the Corps from authorizing destruction of wetlands unless the Corps reasonable concludes that there is no "practical alternative" that would have less adverse impact on the aquatic ecosystem and that the Corps failed to conduct a lawful analysis of alternatives. *Id.* at 1-2.

On July 9, 2015, Abita Springs filed its First Motion for Partial Summary Judgment Vacating the U.S. Army Corps' Permit, originally set for hearing with oral argument on July 29, 2015. (Rec. Doc. 18.) The Corps filed a Motion to Continue Plaintiff's First Motion for Partial Summary Judgment, which Abita Springs opposed, arguing that Abita Springs' motion was premature because the administrative record had not yet been compiled and lodged. (Rec. Doc. 28-1, at 2.) According to the Corps, the

process to compile the administrative record will take approximately 120 days. (Rec. Doc. 24-2, at 2.)

The Court granted the Corps' motion on July 22, 2015, and continued the hearing on Abita Springs' motion until October 23, 2015. (Rec. Doc. 39.) In addition, the Court ordered that the Corps file the administrative record on or before September 20, 2015; that is, within sixty days after the Court's order. *Id.* at 2.

On September 4, 2015, the Corps filed the instant *Motion to Continue Administrative Record Due Date and Further Proceedings* **(Rec. Doc. 59)**. Abita Springs opposed the motion on September 14, 2015. (Rec. Doc. 63.) The Corps' motion is currently set for submission on September 23. However, because the deadline for the Corps to file the administrative record is September 20, 2015, the Court now considers the motion on the briefs on an expedited basis.

## PARTIES' ARGUMENTS

The Corps filed the instant motion because "it has become apparent that [the Corps] will be unable to complete preparation of the administrative record by the ordered due date." (Rec. Doc. 59-1, at 1.) The Corps claims to have gathered "most" of the records that will be contained in the administrative record. (Rec. Doc. 59-2, at 2.) To date, the Corps has gathered "approximately 1800 records (including more than 200 public

3

comments) from six records custodians." *Id.* However, "[s]everal other records custodians are continuing their search for records." *Id.* Therefore, additional records may be added as the review process continues. *Id.* Furthermore, the Corps must create an index for each individual record,[1] and the records must undergo legal and quality-assurance reviews before production.

The Corps requests a sixty-day extension of the deadline for it to lodge the administrative record, consistent with its original 120-day estimate. Likewise, the Corps asks for commensurate extensions of the summary judgment deadlines and hearing. (Rec. Doc. 59-1, at 2-3.) The Corps argues that Abita Springs will not be prejudiced by a continuance because Helis Oil is currently unable to proceed with drilling due to litigation in other courts. *Id.* at 1.

In opposition, Abita Springs argues that the Corps has failed to demonstrate good cause for a delay. (Rec. Doc. 63, at 1.) According to Abita Springs, the Corps desires to delay the proceedings "so it can 'search' for documents it had in front of it when it issued the permit." *Id.* at 2. Such a search "suggests an effort to shore up the record in support of the Corps' decision." *Id.* at 3. Abita Springs argues that if the Corps

---

[1] The Corps intends to create an electronic index of the record that will be hyperlinked to the record documents themselves in order to ease review by Abita Springs and the Court. (Rec. Doc. 59-1, at 2.) The Corps does not have software that would accomplish this process automatically; "each record must be handled individually, multiple times." (Rec. Doc. 59-2, at 2.)

actually considered the documents, then such documents would already have been collected and compiled. *Id.* Accordingly, Abita Springs contends that the Corps' desire to continue searching for records is not good cause for delay. *Id.* at 2-3.

Abita Springs also refutes the Corps' contention that a continuance would not be prejudicial. Although Helis Oil is currently unable to proceed with its project due to legal impediments, Abita Springs argues that "delay continues to severely prejudice Abita Springs' interests" because those legal impediments may no longer be in place in a matter of weeks. *Id.* at 5-6. Therefore Abita Springs argues that if the Corps is granted a continuance, Helis Oil may proceed with its project before this Court hears summary judgment. *Id.*

## <u>LEGAL STANDARD AND DISCUSSION</u>

A scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge." Fed. R. Civ. P. 16(b). The "good cause" standard requires the party seeking relief to "show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S & W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003). Whether to grant or deny a continuance is within the sound discretion of the trial court. *United States v. Alix*, 86 F .3d 429, 434 (5th Cir. 1996). In deciding whether to grant a continuance, the court's "judgment range is

exceedingly wide," for it "must consider not only the facts of the particular case but also all of the demands on counsel's time and the court's." *Streber v. Hunter*, 221 F.3d 701, 736 (5th Cir. 2000).

In the instant case, the Court finds that the Corps has demonstrated that it cannot meet the deadline for filing the administrative record. As discussed above, the Corps originally estimated that preparation of the administrative record would require a total of approximately 120 days. (Rec. Doc. 24-2, at 2.) To date, the Corps' original 120-day estimation has not changed. (Rec. Doc. 59-1, at 2-3.) The Court agrees that it is not feasible for the Corps to meet the current deadline for filing the administrative record; however, a sixty-day continuance is not necessary.

Consistent with the Corps' original estimate that preparation of the administrative record would require a total of approximately 120 days, the Court concludes that a thirty-day continuance is appropriate. Abita Springs commenced this action against the Corps on February 12, 2015, before the Corps issued the permits at issue, and later amended its complaint on June 26, 2015, but the Corps did not begin compiling the administrative record until the Court's ruling on July 22, 2015. (Rec. Doc. 59-2, at 1.) The Corps' inaction is not "good cause" for further delay. Any inability of the Corps to compile the

administrative record within thirty days is of its own making. *Cf. Freudensprung v. Offshore Technical Servs., Inc.*, 379 F.3d 327, 347 (5th Cir. 2004). Under such circumstances, a court has no obligation to grant extensions of pretrial deadlines. *Id.*

<u>CONCLUSION</u>

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' *Motion to Continue Administrative Record Due Date and Further Proceedings* **(Rec. Doc. 59)** is **GRANTED in part** and **DENIED in part**. The deadline for filing the administrative record is extended by thirty days.

**IT IS FURTHER ORDERED** that Defendants file the administrative record on or before <u>October 20, 2015</u>.

**IT IS FURTHER ORDERED** that Plaintiff's *First Motion for Partial Summary Judgment Vacating the U.S. Army Corps' Permit* **(Rec. Doc. 18)** is reset for hearing on <u>**Wednesday, December 2, 2015, at 9:30 a.m.**</u> Plaintiff is ordered to file any supplement to its motion on or before <u>**November 4, 2015**</u>. Defendants are ordered to file any response to Plaintiff's motion on or before <u>**November 16, 2015**</u>.

New Orleans, Louisiana this 16th day of September, 2015.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE