UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TOWN OF ABITA SPRINGS** | **CIVIL ACTION** |
| **VERSUS** | **NO:  15-0451** |
| **U.S. ARMY CORPS OF ENGINEERS** | **SECTION: "J" (4)** |

**ORDER**

Before the Court is a **Motion for Leave to Intervene as Defendant and Statement of Points of Law and Authorities in Support (R. Doc. 38)**, filed by Helis Oil and Gas Company, LLC ("Helis Oil"). The motion is opposed by the Plaintiff, Town of Abita Springs ("Abita Springs"). R. Doc. 41. The motion was heard by oral argument on Wednesday, August 12, 2015.

**I.     Background**

This action was filed on February 12, 2015, by Abita Springs against the Defendants, U.S. Army Corps of Engineers, Secretary of the U.S. Army John M. McHugh, Thomas Bostick, and Martin Mayer (collectively "USACE"). *See* R. Doc. 1. At the core of this action is the USACE's administrative process of granting Helis Oil's application to drill a well in the wetlands to be used for hydraulic fracturing. *See id*. at 1. The USACE is responsible for regulating activities associated with oil and natural gas production and distribution, and it is charged with protecting the nation's regulated aquatic resources. Under Section 404 of the Clean Water Act, 33 U.S.C. § 1344, and Section 10 of the Rivers and Harbors Act of 1899, 33 U.S.C. § 403, the USACE's regulatory role requires it to oversee all work over or under the nation's navigable waters and issue permits for said work.[1]

Abita Springs is a political subdivision within St. Tammany Parish, Louisiana, and it alleges that it has an economic, environmental, recreational, historic, and aesthetic interest in Helis Oil's permit allowing it to drill a well in the wetlands. *Id*. at 3.  Abita Springs alleges that the USACE

---

[1] Ohio Environmental Protection Agency, Form Letter from USACE to Oil and Gas Industry Operators, http://www.epa.ohio.gov/Portals/0/general%20pdfs/USACELettertoIndustry.pdf.

erred by (1) denying its request for a public hearing, and (2) failing to issue new public notice or reopen the comment period to allow public comment on 500 pages of documentation submitted by Helis Oil after the comment period closed. *Id*. at 1. Abita Springs brings this action pursuant to the Administrative Procedure Act, 5 U.S.C. § 551, *et seq.*, the Clean Water Act, 33 U.S.C. § 1251, *et seq.*, the National Environmental Policy Act, 42 U.S.C. § 4321, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. § 2201. *Id*. at 3.

In the instant motion, Helis Oil seeks leave of court to intervene as a defendant under Federal Rule of Civil Procedure 24(a). R. Doc. 38, p. 2. Helis Oil contends that it has a right to intervene because it has a property interest in the permit at issue, and if Abita Springs is successful in vacating the permit, it will have a direct effect on its economic interest in drilling and operating the leases it owns in St. Tammany Parish. *Id*. at 3.

The motion was heard by oral argument on August 12, 2015. After listening to Counsel's arguments, the Court ordered that Helis Oil file a reply brief in support of its underlying motion by Monday, August 17, 2015. Additionally, the Court allowed a sur-reply to be filed by the Plaintiff Abita Springs Town, no later than Wednesday, August 19, 2015. R. Doc. 55. Parties timely filed their respective reply motions. R. Docs. 57, 58.

II.     **Standard of Review**

Rule 24(a)(2) governs intervention by right, and provides that an applicant "shall be permitted to intervene in an action" if: 1) the applicant timely files a motion to intervene; 2) the applicant claims an interest relating to the property or transaction which is the subject of the action; 3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest, and; 4) the applicant's interest is inadequately represented by the existing parties to the suit. Fed. R. Civ. P. 24(a)(2).

Failure to meet any of the four elements is fatal to intervention. *Terminals, Ltd. v. M/V Acadia Forest*, 579 F.2d 964, 967 (5th Cir. 1978). Courts should allow intervention where no party would be adversely affected and the greater justice could be attained. *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994). The proposed intervenor bears the burden of demonstrating an entitlement to intervene. *Edwards v. City of Houston*, 78 F.3d 983, 999 (5th Cir. 1996).

**III.    Analysis**

While courts look at four factors under Rule 24(a), the only factor contested by Abita Springs is the fourth factor: whether Helis Oil's interest is adequately represented by the USACE. *See* R. Doc. 41, p. 3.

Helis Oil argues that the USACE does not adequately represent its specific interest in its leases. R. Doc. 38, p. 4. Helis Oil concedes that it may share some common goals, but argues that the partial overlap of interests does not guarantee that its interest will be adequately represented. *Id*. Helis Oil argues that its interest is narrower than the USACE, which is concerned with protecting the interest of the public in general. *Id.* Helis Oil contends that its interest is focused on protecting its individual investments. *Id.* at 4-5.

In opposition, Abita Springs contends that there is a presumption of adequate representation when the intervenor and the exisiting party share ultimate objections. *See* R. Doc. 41, p. 3. Abita Springs argues that Helis Oil has not rebutted the presumption that the USACE adequately represents its needs. *Id*. at 5. Abita Springs argues that Helis Oil and the USACE both have the same objective of defending the validity of the permit and the administrative process leading to its issuance. *Id*. at 6; *see also* R. Doc. 58, p. 1.

In assessing this final factor, the Court notes that "[t]he applicant has the burden of demonstrating inadequate representation, but this burden is 'minimal.'" *Sierra Club v. Espy*, 18 F.3d 1202, 1207 (5th Cir. 1994) (citing *Trbovich v. United Mine Workers,* 404 U.S. 528, 538 n. 10, 92 S.

3

Ct. 630, 636, 30 L.Ed.2d 686 (1972) ("The burden on the movant is not a substantial one. The movant need not show that the representation by existing parties will be, for certain, inadequate"). "The requirement of the Rule is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." *Trbovich,* 404 U.S. 528 at 538 n. 10.

However, "[t]he burden . . . 'cannot be treated as so minimal as to write the requirement completely out of the rule.'" *Aransas Project v. Shaw*, 404 F. App'x 937, 940 (5th Cir. 2010) (quoting *Bush v. Viterna,* 740 F.2d 350, 355 (5th Cir. 1984)). "This [minimal] requirement, however, must have some teeth." *Brumfield v. Dodd,* 749 F.3d 339, 345 (5th Cir. 2014).

Thus, The Fifth Circuit created a two-step analysis to determine adequate representation. *Aransas Project*, 404 F. App'x 937 at 940. First, "[w]hen an intervention applicant shares the same ultimate objective as a party to the suit, the existing party is presumed to adequately represent the party seeking to intervene." *Id.* Second, however, this presumption of adequate representation can be rebutted if that party demonstrates "adversity of interest, collusion, or nonfeasance." *Id.* (quoting *Haspel & Davis Milling & Planting Co. v. Bd. of Levee Comm'rs,* 493 F.3d 570, 578–79 (5th Cir. 2007)).

In circumstances, like the present, the Fifth Circuit has found that a government defendant does not adequately represent the interest of a private entity, even if they seek the same ultimate outcome. *Heaton v. Monogram Credit Card Bank of Georgia*, 297 F.3d 416 (5th Cir. 2002); *John Doe No. 1 v. Glickman,* 256 F.3d 371 (5th Cir. 2001); *Sierra Club v. City of San Antonio*, 115 F.3d 311 (5th Cir.1997); *Sierra Club v. Espy*, 18 F.3d 1202 (5th Cir. 1994). The Fifth Circuit has disagreed with the contention advanced by Abita Springs, which asserts that the government adequately represents the movant's interest because the interests are essentially identical. *Espy*, 18

F.3d at 1207. Rather, the Fifth Circuit has found that the government must represent the broad public interest, not just the economic concerns of the private entities. *Id*. at 1208; *Heaton*, 297 F.3d at 425.

Abita Springs also incorrectly relies on the Fifth Circuit's holding in *State of Texas v. DOE*, 754 F.2d 550 (5th Cir. 1985). In *DOE*, the Fifth Circuit held that a group of utilities where not entitled to intervene, on the side of the United States Department of Energy ("DOE"), in a lawsuit brought by Texas to challenge DOE's selection of two Texas locations as potential radioactive waste depository sites. *Id.* at 551. There, the utilities argued they were entitled to intervention because they funded the Nuclear Waste Policy Act, which is a statute that developed repositories for the waste, and wanted to ensure that NWPA's program for establishing disposal sites was not delayed by Texas and other similar litigation. *Id.* The utilities argued that any delay would increase the amount that they contribute to the fund. *Id.*

Abita Springs used *DOE* to stand for the broad proposition that the Fifth Circuit has generally avoided holding that a government entity cannot adequately represent a private party's interest. *See* R. Doc. 58, p. 6. However, the facts of *DOE* are much different than the instant litigation. As the Fifth Circuit noted, the utilities only provided funds to the NWPA and did not have a defined role in the statutory scheme. *Id.* The Court reasoned that the utilities had little grounds to argue inadequate representation because they did not have influence over selecting and identifying waste depositories, which was the issue of litigation.[2] The Court also noted that because of the utilities minimal role in the selection process, they could "offer no special expertise" on the matter. The Court concluded that "the utilities have articulated no reason why the government will not adequately represent their interest" in the matter. *Id.* at 553.

---

[2] The Court wrote that "[t]he utilities have not been involved in the site selection proceedings that have occurred thus far, and can offer no special expertise on the administrative law issues that will be argued in the appeal—that is, whether the Secretary followed the dictates of the NWPA in selecting and identifying potentially acceptable sites in Texas for a permanent waste depository. *Id.* at 553.

In the instant case, unlike the utilities in *DOE*, Helis Oil has articulated a reason why the government will not adequately represent their interest in litigation. The USACE's statutory responsibility in issuing permits for drilling in the nation's waters is to protect the public interest and consider the needs and welfare of the people.[3] Helis Oil's and USACE's have an adversity of interests because the USACE is protecting the broader public interest, while Helis Oil seeks to protect its individual investments. Thus, under Rule 24(a), Helis Oil has met its "minimal" burden of showing that their interest may not be adequately represented by Defendant U.S. Army Corps of Engineers, warranting intervention as of right. Accordingly, there is no need for the Court to analyze permissive intervention under Rule 24(b).

## IV.   Conclusion

Accordingly,

**IT IS ORDERED** that Helis Oil & Gas Company, L.L.C's **Motion to Intervene as Defendant and Statement of Points of Law and Authorities in Support (R. Doc. 38)** is **GRANTED.**

New Orleans, Louisiana, this 24th day of September 2015.

                                                                   _____
                                                                   **KAREN WELLS ROBY**
                                                                   **UNITED STATES MAGISTRATE JUDGE**

---

[3] The U.S. Army Corps of Engineers, Joint Public Notice of Helis Oil's Permit Application, October 14, 2014, http://www.mvn.usace.army.mil/Portals/56/docs/regulatory/publicnotices/Helis%20PN%20revised%20all%20Oct-2014%20.pdf.